284 So.2d 426 (1973)
The STATE of Florida, Appellant,
v.
Fred R. COHN, Appellee.
No. 73-562.
District Court of Appeal of Florida, Third District.
August 28, 1973.
Rehearing Denied November 8, 1973.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for appellant.
Stanley E. Goodman, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, the State of Florida, by interlocutory appeal seeks review of an order granting the defendant's motion to suppress. The salient facts are as follows:
Officers Ginelli and Dazevedo were driving on 27th Avenue when their attention was drawn to a Cadillac parked in an apartment complex lot. The unusual color of the vinyl top was the cause of their attention and upon stopping to examine the top they proceeded to check the public vehicle identification number which was readily visible through the front windshield. They observed that the number had been covered and altered with dyno tape and thereupon opened the vehicle with a coat hanger to check the confidential vehicle identification number inside the car. The two numbers did not correspond and thereafter the officers were able to determine that the vehicle was stolen. The vehicle was placed under surveillance and through canvassing the apartment building, *427 the officers learned that the defendant who owned a used car lot about a block away had been seen driving the automobile in question. They proceeded to the defendant's place of business and arrested him. A three count information charging the defendant with (1) possession of a stolen motor vehicle, (2) buying, receiving or concealing stolen property, and (3) possession of a motor vehicle with altered I.D. was filed. Counsel for defense moved to suppress the evidence, to wit, the motor vehicle, and a hearing was held thereon. The trial court granted the motion on the grounds that there was no probable cause for the officers to conduct a search of the inside of the vehicle without first having obtained a search warrant. The state has filed this appeal from the order suppressing the evidence.
This case basically presents the question whether there was an invasion of a right of privacy of the defendant when the officers searched the vehicle. We believe not.
First, we note that by merely looking through the front windshield of the vehicle the officers immediately ascertained that the public vehicle identification number had been concealed and altered by dyno tape. Thus, it became readily apparent that F.S. § 320.33 F.S.A.[1] had been violated and, therefore, this violation constituted probable cause for a search of the inside of the automobile.
Second, the United States Court of Appeals, Fifth Circuit has held where there is a legitimate reason to do so as in the case sub judice, the mere checking of a serial number of an automobile in order more positively to identify it is not a search within the prohibitions of the Fourth Amendment and that if it is a search, it is a reasonable one and no warrant is necessary. United States v. Johnson, 413 F.2d 1396 (5th Cir.1969).
Lastly, no property right of the defendant has been violated as defendant himself testified that he did not own the automobile and, therefore, no right of privacy of the defendant could have been violated.
For the reasons stated hereinabove, we conclude the trial court erred in granting defendant's motion to suppress and, therefore, reverse that order.
Reversed.
NOTES
[1] Unlawful to possess motor vehicles from which serial number has been removed
"It is unlawful for any person to knowingly buy, sell, receive, dispose of, conceal or have in his possession any motor vehicle from which the manufacturer's serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered, or destroyed for the purpose of concealment or misrepresenting the identity of the said motor vehicle."